## TERRITORY OF HAWAII *v.* FRITZ KRAFT.

### No. 2561.

SUBMITTED MAY 19, 1945.          DECIDED AUGUST 2, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* The defendant-plaintiff in error was charged with and convicted of violating section 1227, Revised Ordinances of the City and County of Honolulu of 1942, in that he did "double-park" his automobile on Bishop Street in the city of Honolulu, contrary to the provisions of said ordinance.

The ordinance in question provides *inter alia* that, "No

driver of a vehicle shall stop, stand or park such vehicle in a roadway other than parallel with the edge of the roadway, headed in the direction of traffic and with the curb-side wheels of the vehicle within twelve inches of the edge of the roadway, except when otherwise necessary in obedience to traffic regulations, traffic signs or signals or the directions of a police officer * * * ."

Briefly, the evidence upon which the defendant was found "guilty as charged" was sufficient to establish that he stopped his automobile on Bishop Street in front of the Alexander Young Hotel and let an elderly lady out for the purpose of having a prescription for eye glasses filled at an office in the hotel building. His car was stopped more than eight feet from the curb in the traffic lane next to an automobile parked in a parking stall painted on the pavement. Without stopping his motor the defendant remained seated in the driver's seat, whereupon a traffic officer attracted his attention and directed him to move on. Defendant then stopped his motor, pulled up his brake and told the officer that he would not move; that he was waiting for the lady who had gone to the optician's office to get her prescription filled; that because of her defective eyesight he feared she might not be able to find him if he moved. When the traffic officer pointed out a nearby place available for proper parking and insisted that defendant avail himself of it, he refused and invited the officer to give him a "ticket," which the officer did.

Defendant contends that his automobile was not "parked" within the meaning of the ordinance and that his conviction is therefore contrary to the law and the evidence.

The words "stop or stopping," "standing," and "parking," used in the ordinance which the defendant was charged with violating, are all defined as follows in the Honolulu traffic code, of which section 1227 is a part.

Stop or stopping. When prohibited means any cessation of movement of a vehicle except when necessary to avoid conflict with other traffic or in compliance with the direction of a police officer or traffic control sign or signal. (Hon. Rev. Ord. 1942, § 1201 i.)

Standing. Any stopping of a vehicle, whether occupied or not. (*Id.* § 1201 j.)

Parking. The standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in loading or unloading. (*Id.* § 1201 K.)

The defendant being charged with "parking" contrary to the ordinance, we are primarily concerned with the meaning of that term as defined in the ordinance. However, the other defined terms and the term "parking" are sufficiently interrelated to justify consideration of the sense in which they have been used in the ordinance.

Loading and unloading undoubtedly applies to passengers as well as to inanimate objects ordinarily transported on vehicles. It is not necessary to decide whether the defendant was justified in temporarily stopping his vehicle where he did to permit his friend to alight therefrom. It is only necessary to say that he was parking within the meaning of the ordinance when he insisted on remaining where he stopped while his friend was going about her business of having her prescription filled. He was not then stopped for the purpose of and actually engaged in loading or unloading, the only purpose which the ordinance recognizes as a justification.

The many textbook authorities and cases from other jurisdictions defining parking are not helpful, our own lawmakers having defined what they intended the term to mean.

We find the evidence amply sufficient to sustain the

conviction of the defendant of the offense with which he was charged.

The judgment is therefore affirmed.

*H. R. Hewitt* for plaintiff in error.

*W. Z. Fairbanks,* Public Prosecutor, and *J. R. Desha,* Assistant Public Prosecutor, for the defendant in error.